**Form 3015-1 - Chapter 13 Plan**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

**CHAPTER 13 PLAN-MODIFIED**

In re:
**Rochelle Lynn Ramsey**
**Cory Raymond Ramsey**

Dated: **August 20, 2014**

DEBTOR    Case No. **14-42444**

*In a joint case,*
*debtor means debtors in this plan.*

1. **DEBTOR'S PAYMENTS TO THE TRUSTEE** —
   a. As of the date of this plan, the debtor has paid the trustee $ **3,000.00** .
   b. After the date of this plan, the debtor will pay the trustee $ **1,740.00** per **Month** for **58** months, **beginning September 2014**, for a total of $ **100,920.00** . The minimum plan payment length is ___ 36 or **X** 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
   c. The debtor will also pay the trustee ___
   d. The debtor will pay the trustee a total of $ **103,920.00** [line 1(a) + line 1(b) + line 1(c)].

2. **PAYMENTS BY TRUSTEE** — The trustee will pay from available funds only creditors for which proof of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ **10,392.00** , [line 1(d) x .10].

3. **ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)]** — The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

   | *Creditor* | *Monthly Payment* | *Number of Months* | *Total Payments* |
   |---|---|---|---|
   | a. **Mid Minnesota Fcu** | $ **104.75** | **2** | $ **209.50** |
   | b. TOTAL | | | $ **209.50** |

4. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** — The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

   | *Creditor* | *Description of Property* |
   |---|---|
   | a. **Briggs Property** | **24 Month Lease** |

5. **CLAIMS NOT IN DEFAULT** — Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

   | *Creditor* | *Description of Property* |
   |---|---|
   | **-NONE-** | |

6. **HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)]** — The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. ***All following entries are estimates.*** The trustee will pay the actual amounts of default.

   | *Creditor* | *Amount of Default* | *Monthly Payment* | *Beginning in Month #* | *Number of Payments* | *TOTAL PAYMENTS* |
   |---|---|---|---|---|---|
   | **-NONE-** | $ | $ | | | $ |
   | a. TOTAL | | | | | $ **0.00** |

7. **CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e) ]** — The trustee will cure defaults on the following claims as set forth below. The debtor will pay for the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. ***All following entries are estimates, except for interest rate.***

   | *Creditor* | *Amount of Default* | *Int. rate (if applicable)* | *Monthly Payment* | *Beginning in Month #* | *Number of Payments* | *TOTAL PAYMENTS* |
   |---|---|---|---|---|---|---|
   | **-NONE-** | $ | | $ | | | $ |
   | a. TOTAL | | | | | | $ **0.00** |

8. **OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** — The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

|   | Creditor | Claim Amount | Secured Claim | Int. Rate | Beg. in Mo. # | (Monthly Pmnts) | x (No. of Pmnts) = | Pmnts on Account of Claim + | (Adq. Prot. from ¶ 3) = | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|---|
| a. | Internal Revenue Service | $ 7,536.75 | $ 7,536.75 | 3 | 1 | $ 135.43 | 60 | $ 8,125.53 | $ 0.00 | $ 8,125.53 |
| b. | Mid Minnesota FCU | $ 10,475.00 | $ 10,475.00 | 5.25 | 3 | $ 202.12 | 58 | $ 11,723.17 | $ 209.50 | $ 11,932.67 |
| c. | TNC Finance | $ 17,814.00 | $ 17,814.00 | 5.25 | 1 | $ 338.22 | 60 | $ 20,292.98 | $ 0.00 | $ 20,292.98 |
| d. | TOTAL |   |   |   |   |   |   |   | $ | 40,351.18 |

9. **PRIORITY CLAIMS** — The trustee will pay in full all claims entitled to priority under § 507, including the following. *The amounts listed are estimates.* The trustee will pay the amounts actually allowed.

|   | Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. | Attorney Fees | $ 3,000.00 | $ 750.00 | 1 | 4 | $ 3,000.00 |
| b. | Internal Revenue Service | $ 45,445.29 | $ Pro rata | Pro rata | Pro rata | $ 45,445.29 |
| c. | Mn Child Sup | $ 7,143.00 | $ Pro rata | Pro rata | Pro rata | $ 1.00 |
| d. | MN Dept of Revenue | $ 4,549.97 | $ Pro rata | Pro rata | Pro rata | $ 4,549.97 |
| e. | TOTAL |   |   |   |   | $ 52,996.26 |

10. **SEPARATE CLASSES OF UNSECURED CREDITORS** — In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows:   **-NONE-**
The trustee will pay the allowed claims of the following creditors. *All entries below are estimates.*

|   | Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|
|   | -NONE- |   |   |   |   |   | $ |
| a. | TOTAL |   |   |   |   |   | $ 0.00 |

11. **TIMELY FILED UNSECURED CREDITORS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $ **180.56**   [line 1(d) minus lines 2, 6(a), 7(a), 8(c), 9(e) and 10(a)].

   a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $ **0.00**.

   b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $ **105,026.66**.

   c. Total estimated unsecured claims are $ **105,026.66**   [line 11(a) + line 11(b)].

12. **OTHER PROVISIONS** —

   **Pursuant to 11 U.S.C. Sections 1322(a)(4) and 507(a)(1)(B), the debtors' plan provides for less than full payment of prepetition domestic support obligations owed by Debtor Cory Ramsey. Confirmation of this plan constitutes an acknowledgment by Otter Tail County that such obligations have been involuntarily assigned to Otter Tail County by the domestic support obligee Sadie Harop, in repayment of received human services, social welfare, or other governmental benefits. Debtor Cory Ramsey acknowledges that any domestic support obligations not paid in full are excepted from discharge.**

   **The debtors will timely file as and when due any and all post-petition federal income tax returns and will timely pay any post-petition federal income taxes. The debtors will make federal quarterly estimated tax payments. Should the debtors default on the timely filing of returns, payment of federal quarterly estimated tax payments, and or payment of federal income taxes, the Internal Revenue Service will be entitled to an ex-parte order for dismissal of this case without notice or hearing on the filing of an affidavit with the Court that attests to such default and also that the Internal Revenue Service had mailed a letter by first class mail to the debtors and debtors' counsel that gave notice of said default and a 30-day period to cure and that such a cure had not been performed.**

**Title in any secured property will vest in the debtor upon payment of the secured portion of the creditor's claim and debtor's discharge. The debtor shall receive a discharge upon completion of the scheduled plan payments or upon payment of 100% of timely filed unsecured claims, whichever occurs first.  Trustee shall not pay any untimely filed general unsecured creditors (excluding taxing authorities).  Claims filed as secured but for which the plan makes no express provision shall be paid as unsecured claims as set forth in Paragraph 11 above.**

**A proof of claim may be filed by any entity that holds a claim against the debtor for taxes that become payable to a governmental unit while the case is pending limited to only the tax year for which the bankruptcy case was filed.  The trustee shall pay such claim as submitted as funds are available pursuant to 11 U.S.C. Statute 1305.**

**The debtor shall send the Trustee each year during the Chapter 13 Plan copies of his/her federal and state income tax returns at the time they are filed.  The debtor shall also promptly report to the Trustee the receipt of any federal and state tax refunds for the duration of this Chapter 13 case. The debtor shall be entitled to retain the first $1,200 (single debtor or single tax return filer) or $2,000 (joint debtor or joint tax return filer),  plus any earned income credit (EIC) and any Minnesota Working Family Credit.  Any remaining amounts shall be turned over to the Chapter 13 trustee as additional plan payments.**

13. **SUMMARY OF PAYMENTS** —

| | |
|---|---:|
| Trustee's Fee [Line 2] | $ 10,392.00 |
| Home Mortgage Defaults [Line 6(a)] | $ 0.00 |
| Claims in Default [Line 7(a)] | $ 0.00 |
| Other Secured Claims [Line 8(d)] | $ 40,351.18 |
| Priority Claims [Line 9(e)] | $ 52,996.26 |
| Separate Classes [Line 10(a)] | $ 0.00 |
| Unsecured Creditors [Line 11] | $ 180.56 |
| **TOTAL [must equal Line 1(d)]** | $ **103,920.00** |

*Insert Name, Address, Telephone and License Number of Debtor's Attorney:*
**William P. Kain 143005
Kain & Scott, PA
13 7th Avenue South
St. Cloud, MN 56301
320-252-0330
143005**

Signed   **/s/ Rochelle Lynn Ramsey**
         **Rochelle Lynn Ramsey**
         DEBTOR

Signed   **/s/ Cory Raymond Ramsey**
         **Cory Raymond Ramsey**
         DEBTOR (if joint case)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                          Bkty. Case No: 14-42444

Rochelle Lynn Ramsey
Cory Raymond Ramsey,

       Debtors.

NOTICE OF CONFIRMATION HEARING

PLEASE TAKE NOTICE that the Confirmation Hearing on the Chapter 13 Plan is scheduled September 18, 2014 at 10:00 a.m., at the U.S. Bankruptcy Court, U.S. Courthouse, Courtroom 8 West, 8th Floor, 300 South 4th Street, Minneapolis, Minnesota 55415.

Dated this 20th day of August, 2014

       KAIN & SCOTT, P.A.

       /e/ WILLIAM P. KAIN-#143005

       Attorney for Debtors
       13 South Seventh Avenue
       St. Cloud, Minnesota 56301
       (320)252-0330

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

In re:                                                                  BKY:   14-42444

Rochelle Lynn Ramsey
Cory Raymond Ramsey

         Debtors                                                        Chapter 13
_____

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the Notice of Confirmation Hearing, Modified Chapter 13 Plan and Amended Schedule J was served upon all parties electronically:

| | |
|---|---|
| U.S. Trustee | Kyle Carlson, Chapter 13 Trustee |
| 1015 U.S. Courthouse | PO Box 519 |
| 300 S 4th St | Barnesville MN 56514 |
| Minneapolis MN   55415 | |

And upon all parties in interest at the addresses set forth in the exhibit which is attached hereto, by first class mail:

on August 20, 2014.


Dated: August 20, 2014                              KAIN & SCOTT, P.A.


                                                    /e/ WILLIAM P. KAIN-#143005
                                                    13 7th Avenue South
                                                    St. Cloud, MN 56301
                                                    (320) 252-0330

| | | |
|---|---|---|
| AMERICAN ACCOUNTS & ADVISERS<br>7460 80TH STREET SOUTH<br>COTTAGE GROVE MN 55016 | CENTER FOR DIAGNOSTIC IMAGING<br>PO BOX 1450 NW 6035<br>MINNEAPOLIS MN 55485-6035 | CHASE<br>800 BROOKSEDGE BLVD<br>WESTERVILLE OH 43081 |
| ER SOLUTIONS/CONVERGENT<br>OUTSOURCING, INC<br>PO BOX 9004<br>RENTON WA 98057 | FED LOAN SERV<br>PO BOX 69184<br>HARRISBURG PA 17106 | INSTITUTE FOR LOW BACK & NECK<br>3001 METRO DRIVE, SUITE 330<br>BLOOMINGTON MN 55425 |
| INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY<br>PO BOX 7346<br>PHILADELPHIA PA 19101 | JC CHRISTENSEN<br>PO BOX 519<br>SAUK RAPIDS MN 56379-0519 | MESSERLI & KRAMER<br>3033 CAMPUS DRIVE<br>STE 250<br>PLYMOUTH MN 55441 |
| MESSERLI & KRAMER<br>3033 CAMPUS DR  STE 250<br>MINNEAPOLIS MN 55441 | MID MINNESOTA FCU<br>200 S 6TH ST<br>BRAINERD MN 56401 | MID STATE COLLECTIONS<br>115 W WASHINGTON AVE<br>FERGUS FALLS MN 56537 |
| MIDLAND FUNDING<br>8875 AERO DR STE 200<br>SAN DIEGO CA 92123 | MIRAMED REVENUE GROUP, LLC<br>DEPT 77304<br>PO BOX 77000<br>DETROIT MI 48277-0304 | MN CHILD SUP<br>444 LAFAYETTE ROAD<br>SAINT PAUL MN 55155 |
| MN DEPT OF REVENUE<br>ATTN DENISE JONES<br>PO BOX 64447<br>SAINT PAUL MN 55164 | NORAN NEUROLOGICAL CLINIC<br>2828 CHICAGO AVENUE SOUTH #200<br>MINNEAPOLIS MN 55407 | ROYLENE CHAMPEAUX<br>US ATTORNEY'S OFFICE<br>300 S 4TH STREET SUITE 600<br>MINNEAPOLIS MN 55415 |
| ST. JOSEPH MEDICAL CENTER<br>523 NORTH THIRD STREET<br>BRAINERD MN 56401 | TNC FINANCE<br>PO BOX 156<br>MILACA MN 56353 | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

**Rochelle Lynn Ramsey**
**Cory Raymond Ramsey**
Debtor(s).

**SIGNATURE DECLARATION**

Case No. __14-42444__

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION
☒ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☒ MODIFIED CHAPTER 13 PLAN
☐ OTHER (Please describe:_____)

I [We], the undersigned debtor(s) or authorized representative of the debtor, *make the following declarations under penalty of perjury:*

- The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;
- The information provided in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case is true and correct;
- [**individual debtors only**] If no Social Security Number is included in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case, it is because I do not have a Social Security Number;
- I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration and the completed "Debtor Information Pages," if applicable; and
- [**corporate and partnership debtors only**] I have been authorized to file this petition on behalf of the debtor.

Date: _8-4-2014_

X _/s/ Rochelle Lynn Ramsey_
Signature of Debtor or Authorized Representative

**Rochelle Lynn Ramsey**
Printed Name of Debtor or Authorized Representative

X _/s/ Cory Ramsey_
Signature of Joint Debtor

**Cory Raymond Ramsey**
Printed Name of Joint Debtor

Form ERS 1 (Rev. 10/03)